**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------- X

**THOMAS P. JACKSON,**

                  **Petitioner,**

    **- and -**

**JANICE M. KILLIAN, Warden: Federal**
**Correctional Institution, Otisville, New York**

               **Respondent.**

------------------------------------------------------- X

**OPINION AND ORDER**

**08 Civ. 4386 (SAS)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/23/09

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.   INTRODUCTION

      Thomas P. Jackson, presently incarcerated and proceeding pro se,

brings this petition for a writ of habeas corpus pursuant to section 2241 of Title 28

of the United States Code ("section 2241"). Specifically, he claims that the

sentencing court misconstrued the Sentencing Guidelines and that the Federal

Bureau of Prisons ("BOP") miscalculated his sentence credit.[1] For the reasons

stated below, Jackson's petition for a writ of habeas corpus is dismissed.

---

      [1]    *See* Petition for Writ of Habeas Corpus, April 10, 2008 ("Petition"),
at 4, 5 (Introduction ¶¶ 15, 17). The Petition is cited by noting the page number
followed by parentheses containing the section title and paragraph number.
Exhibits to the Petition are neither paginated nor numbered.

## II.   BACKGROUND

### A.   Offense Conduct

On September 7, 2000, Jackson committed two bank robberies in New York City.[2]   On November 27, 2000, Jackson committed an unrelated burglary.[3]

### B.   Procedural History

Jackson was arrested on the burglary charge by New York State authorities on November 27, 2000.[4]   On January 2, 2001, while Jackson was in state custody, he was "borrowed" by federal authorities to appear on the two bank robbery charges through a writ of habeas corpus ad prosequendum.[5]   On February 6, 2002, Jackson was sentenced by New York State and returned to state custody to serve a term of forty-two months to seven-years in prison.[6]   The time between November 27, 2000, when he was first detained, to February 5, 2002, the day before his state sentence began, was credited to both his state and federal

---

[2]      These crimes are codified in 18 U.S.C. § 2113(a).

[3]      *See* 8/14/08 Declaration of John A. Farrar, Federal BOP Policy and Correspondence Specialist ("Farrar Decl."), ¶ 4.

[4]      *See id.* ¶ 5.

[5]      *See id.* ¶ 6.

[6]      *See id.* ¶ 7.

2

sentences.[7]  Both credits amounted to 436 days.   From February 6, 2002 to April 2, 2004, Jackson was solely serving his state term and received no credit toward his federal sentences. On April 2, 2004, Jackson was sentenced on the federal bank robbery charges to 140 months in custody to be followed by three years of supervised release.[8]  The state term expired on July 21, 2005, and the United States Marshals Service assumed custody of Jackson that same day.[9]  Pursuant to the sentencing court's order and a subsequent BOP "nunc pro tunc" designation letter dated July 13, 2006, Jackson's federal term ran concurrently with his state term – that is, the time from April 2, 2004 (when his federal sentence was imposed) to July 21, 2005 (when his state sentence concluded) was applied toward both his state and federal sentences.[10]  He is now incarcerated at FCI Otisville.[11]

---

[7]      *See id.* ¶ 14.

[8]      *See id.* ¶ 8.  Jackson was found guilty of the federal crimes on April 4, 2003, almost exactly one year before his federal sentencing. *See id.*

[9]      *See id.* ¶ 10.

[10]      *See id.* ¶ 8. *See also* 7/13/06 BOP Memorandum, Ex. H to Farrar Decl.

[11]      *See* Farrar Decl. ¶ 2.

His federal term expires on September 21, 2014, but his scheduled release date is March 22, 2013.[12]

Jackson has brought several actions in various courts. On April 20, 2004, Jackson appealed his federal conviction to the Second Circuit Court of Appeals, which decided the matter on February 28, 2005.[13]  On remand, the Eastern District of New York entered a second amended judgment on June 8, 2005.[14]  On September 5, 2006, Jackson filed a section 2241 petition "challenging the accuracy of the BOP calculation."[15]  On June 27, 2007, the Eastern District of New York dismissed Jackson's section 2241 petition for failing to exhaust administrative remedies and failing to name the proper respondent.[16]  On March

---

[12]     *See id.* ¶ 15. *See also* Sentence Monitoring Computation Data, January 14, 2007, attached to Petition (without pagination or exhibit numbers).

[13]     *See United States v. Jackson*, 126 Fed. App'x 5 (2d Cir. 2005) ("*Jackson I*") (affirming the sentencing court's jury instructions but remanding to conform Jackson's sentencing with a recent Supreme Court case).

[14]     *See Jackson v. Apker*, No. 07 Civ. 1324, 2007 WL 1987762, at *1 (E.D.N.Y. July 3, 2007) ("*Jackson III*") (describing the procedural history following Jackson's conviction and sentencing, including the second amended judgment). Jackson did not seek additional review of the second amended judgment. *See id.* On June 1, 2004, the sentencing court issued a first amendment – specifically, a change to the judgment's "Statement of Reasons." *See id.*

[15]     *Jackson v. United States*, No. 06 Civ. 4863, 2007 WL 1875567, at *1 (E.D.N.Y. June 27, 2007) ("*Jackson II*").

[16]     *See id.*, at *3.

4

16, 2007, Jackson filed a motion pursuant to section 2255 of Title 28 of the United States Code ("section 2255"), claiming that the sentencing Court "'lacked both in [sic] personam and subject matter jurisdiction to try or charge or to convict petitioner' because the Prison Litigation Reform Act and the Antiterrorism Effective Death Penalty Act are unconstitutional mandates."[17] On July 3, 2007, the Eastern District of New York dismissed Jackson's section 2255 motion as untimely.[18]  Following is a summary of important dates:

- September 7, 2000:        Federal crimes committed.

- November 27, 2000:        Arrested by New York State for unrelated crime.  Held in state custody.

- January 2, 2001:        "Borrowed" by federal authorities.  Moved to federal custody.

- February 6, 2002:        Sentenced by New York State.  Moved to state custody to serve state sentence.

- April 2, 2004:        Sentenced by Eastern District of New York. Even though Jackson remained in state custody, his federal sentence was designated, nunc pro tunc, to run

---

[17]     *Jackson III*, 2007 WL 1987762, at *1 (citation omitted). The first section 2255 motion  was filed on March 16, 2007 with a subsequent section 2255 motion filed on June 20, 2007. The court construed the June 20, 2007 motion as amending the March 16, 2007 motion. *See id.*

[18]     *See id.* at *3.

5

concurrently with his state sentence from this point onward.

- June 8, 2005:                    Entry of amended federal judgment.

- July 21, 2005:                   State sentence expired.

- September 29, 2005:        Transferred to federal prison to serve out remainder of federal sentence.[19]

- March 22, 2013:              Scheduled release from federal sentence.

- September 21, 2014:        Expiration of federal sentence.

Jackson exhausted his administrative remedies and now brings a writ

of habeas corpus, pursuant to section 2241, claiming that his sentence should be

reduced from 140 months to 99 months.[20]  Specifically, Jackson claims that the

federal sentencing court misconstrued the Sentencing Guidelines and that the BOP

miscalculated the amount of credit that should be applied toward his federal

sentence.[21]

---

[19]    *See* Petition at 10 (Statement of Facts ¶ G). Even though Jackson's state sentence expired on July 21, 2005, it took two months to transfer him to a federal correctional institution.

[20]    *See id.* at 4-7 (Introduction ¶¶ 15-19).

[21]    *See id.* Throughout his Petition and Reply, Jackson makes various claims as to why his sentence should be reduced. For example, Jackson claims he is entitled to credit for all of his presentence incarceration. *See* 8/26/08 Jackson's Reply ("Reply") ¶ 9. However, it is not clear whether he is referring to the period of incarceration prior to his state sentence (which was credited) or the period of

6

## III.   LEGAL STANDARD

### A.   28 U.S.C. § 2241

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions."[22]  "A motion pursuant to [section] 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole [and] computation of a prisoner's sentence by prison officials."[23]

### B.   28 U.S.C. § 2255

"In contrast [to a section 2241 motion, section] 2255 is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence, as it encompasses claims that '. . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.'"[24]  Despite the well-defined distinction between the two sections, claims that fall within section 2255

---

incarceration prior to his federal sentence (some of which was credited). At another point, Jackson asks for credit for the time period between January 2, 2001 (when the Federal Marshals took custody of him) to September 29, 2005 (when he arrived at a federal correctional institution after his state sentence ended). *See* Petition at 12 (Issues Raised ¶ 2).

[22]     28 U.S.C. § 2241(a).

[23]     *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (emphasis in original).

[24]     *Id.* (quoting 28 U.S.C. § 2255(a)).

(*i.e.*, claims that attack the imposition of the sentence, not the execution of the sentence) can be raised under a section 2241 motion "in very limited circumstances."[25]

These circumstances – exceptions to the rule – allow for a federal prisoner to collaterally attack a conviction under section 2241 if that prisoner can show that a section 2255 motion would be "inadequate or ineffective to test the legality of his detention."[26]  A section 2255 motion "may be inadequate or ineffective in circumstances in which 'the petitioner cannot, for whatever reason, utilize [section] 2255, and in which the failure to allow for collateral review would raise serious constitutional questions.'"[27]  The Second Circuit has recognized only one circumstance where such a section 2255 motion is inadequate or ineffective: cases in which inmates "(1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [their] claim[s] of innocence at an earlier time.'"[28]  On the other hand, a section 2255 motion "is *not* considered inadequate

---

[25]     *Poindexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003).

[26]     *Jiminian*, 245 F.3d at 147 (citing 28 U.S.C. § 2255(e)).

[27]     *Id.* (quoting *Triestman v. United States*, 124 F.3d 361, 377 (2d Cir. 1997)).

[28]     *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003) (quoting *Triestman*, 124 F.3d at 363).

8

or ineffective merely because the gate keeping provision of the statute prevents a movant from raising a claim that he or she could have raised on direct review or in an earlier section 2255 motion."[29]

A request for relief pursuant to a section 2255 claim is generally subject to a one year statute of limitations, starting from "the date on which the judgment of conviction becomes final . . . or the date on which facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."[30] "[A petitioner] cannot . . . resort to [section] 2241 merely to save his now untimely [section 2255] claim."[31]

### C. U.S.S.G. § 5G1.3

Section 5G1.3(b) of the United States Sentencing Guidelines ("section 5G1.3") states as follows:

---

[29]   *Bellomo v. United States*, 344 F. Supp. 2d 429, 434 (S.D.N.Y. 2004) (emphasis added and citations omitted). "As amended by the [Antiterrorism and Effective Death Penalty Act], [section] 2255 includes a gate-keeping provision that limits the filing of second or successive [section] 2255 motions." *Jiminian*, 245 F.3d at 146.

[30]   28 U.S.C. § 2255(f)(1), (4). The other scenarios that toll the statute of limitations are not relevant here.

[31]   *Medrano v. Craig*, No. 9:05 Civ. 1422, 2006 WL 219820, at *2 (N.D.N.Y. Jan. 27, 2006).

> If . . . a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction . . . and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows: (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.[32]

"[I]t would be inappropriate to apply [section] 5G1.3(b) . . . [to a defendant's] convictions [that] arose from two completely unrelated offenses."[33] Challenging the sentencing court's section 5G1.3 calculation is "more appropriate[ly brought as an issue] for the sentencing court pursuant to a motion under [section] 2255, rather than th[e] district court in a [section] 2241 habeas petition where petitioner is held in custody."[34]

---

[32]     U.S.S.G. § 5G1.3(b).

[33]     *Rosario v. United States*, No. 02 Civ. 3360, 2004 WL 439386, at *6 (S.D.N.Y. Mar. 9, 2004) ("where[] Rosario's convictions stem[] from unrelated criminal conduct, . . . [section] 5G1.3(b) [is rendered] inapposite.").

[34]     *Saunders v. Unnamed Warden*, No. 07 Civ. 4293, 2008 WL 2775763, at *7 (D.N.J. July 14, 2008).

**D.    18 U.S.C. § 3585(b)**

"The Attorney General, through the [BOP], has responsibility for imprisoning federal offenders."[35] "A defendant who is dissatisfied with the Attorney General's determination [of credit] must raise his challenge with the BOP, by following a complex administrative process."[36] "The defendant may seek judicial review of the Attorney General's computation once he has exhausted all administrative remedies."[37]

"Computing a federal sentence requires two separate determinations: first, when the sentence commences; and, second, to what extent the defendant in question may receive credit for any time already spent in custody."[38] With respect to the first determination, the earliest date that a sentence can commence is the date the sentence is imposed.[39] A federal sentence can run concurrently to a state

---

[35]    *United States v. Wilson*, 503 U.S. 329, 331 (1992).

[36]    *Grant v. United States*, No. 5:93 Cr. 80, 2007 WL 2225809, at *1 (M.D. Ga. Jul. 31, 2007). *See also* 28 C.F.R. §§ 542.10 to 542.19 (2006) (detailing the steps for obtaining administrative review).

[37]    *United States v. Wilson*, 997 F.2d 208, 209 (6th Cir. 1993).

[38]    *United States v. Smith*, 812 F. Supp. 368, 370 (E.D.N.Y. 1993).

[39]    *See, e.g.*, *Hickman v. United States*, No. 05 Civ. 1842, 2006 WL 20489, at *3 (S.D.N.Y. Jan. 4, 2006) (noting that the date of the Judgment and Sentencing Order marks the earliest day that the defendant's sentence could commence). *Accord* BOP Program Statement 5880.28, Sentence Computation

11

sentence if a portion of the state sentence remains undischarged when the federal sentence is imposed.[40]  Section 3585(b) of Title 18 of the United States Code ("section 3585") dictates the second consideration – grants of credit. Section 3585 calls for the BOP to credit any time spent in official detention prior to the sentencing date "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence*."[41]  "Prior custody credits shall be given for any time spent in non-federal presentence custody that begins on or after the date of the federal offense up to the date that the first sentence begins to run, federal or

---

Manual (CCCA of 1984) ("BOP Prog. Stat."), excerpts attached as Exhibit F to Farrar Decl., at 4 ("In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed."). *See also Smith*, 812 F. Supp. at 370 ("When a federal court imposes a sentence on a defendant who is already in state custody, the federal sentence may commence if and when the Attorney General or the [BOP] agrees to designate the state facility for service of the federal sentence.").

[40]   *See, e.g.*, *Fermin v. United States*, 252 F.3d 102, 109 (2d Cir. 2001) (allowing a federal sentence to run concurrently only with the undischarged portion of the defendant's pre-existing state sentence).

[41]   18 U.S.C.A. § 3585(b) (emphasis added). *Accord United States v. Labeille-Soto*, 163 F.3d 93, 99 (2d Cir. 1998) ("[A] defendant has no right to credit on his federal sentence for time that has been credited against his prior state sentence.").

12

non-federal."[42] "If, for example, a state defendant is denied bail solely because of

a federal detainer issued against him, the time spent in state custody awaiting trial

must be credited to his federal sentence."[43]

"[C]redit is granted by the Attorney General through the [BOP] after

a defendant is sentenced, and although the defendant may, after exhausting his

administrative remedies, obtain judicial review of that Bureau's determination, the

credit is not [to be granted] by a district court at the time of sentencing."[44] A

determination by the district court to grant credit to a defendant "exceed[s] the

court's authority as a matter of law."[45]

## IV.   DISCUSSION

Jackson first claims that the sentencing court erred in failing to adhere

to the requirements of section 5G1.3 of the Sentencing Guidelines.  Respondent

---

[42]       BOP Prog. Stat. at 10.  These time credits are also known as *Willis*
time credits, from *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971). *Accord
Rivera v. Killian*, No. 08 Civ. 405, 2008 WL 1990093, at *3 (S.D.N.Y. May 8,
2008) ("[T]ime spent by a defendant in state custody solely as the result of actions
of the federal government – such as the lodging of a federal detainer that
prevented the defendant from being released on bail in the state case – should be
credited to his federal sentence.").

[43]       *Shaw v. Smith*, 680 F.2d 1104, 1106 (5th Cir. 1982) (citation
omitted).

[44]       *Labeille-Soto*, 163 F.3d at 99 (citations omitted).

[45]       *Id.* at 100.

counters that Jackson cannot bring a section 2241 motion to attack the imposition, not the execution, of his sentence. Jackson next claims that the BOP miscalculated his federal sentence and asks this Court to compel the BOP to correct it. Respondent counters that the BOP correctly calculated Jackson's sentence.

### A. Jackson's Section 5G1.3 Claim Fails for Several Reasons

#### 1. This Claim Must Be Brought Pursuant to Section 2255

Jackson's claim that the sentencing court failed to follow the dictates of section 5G1.3 must be brought under 2255 because he is attacking the imposition, not the execution, of the sentence. However, because Jackson is proceeding pro se, his petition "is to be liberally construed in his favor" and this Court will assume that he filed this part of his claim pursuant to section 2255.[46]

#### 2. Jackson's Section 2255 Petition Is Time-Barred

Jackson's second amended judgment was entered on June 8, 2005.[47] The instant Petition is dated April 10, 2008. Jackson has not alleged that he

---

[46]    *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Haines v. Kerner*, 404 U.S. 519 (1972)).

[47]    Because Jackson had ten days from June 8, 2005 to file a notice of appeal on this judgment, the amended judgment became final on or about June 22, 2005.

discovered any new facts after he filed his first section 2255 motion. Jackson's

prior section 2255 motion was dismissed as time-barred.[48] It follows that the

instant motion is also time-barred.

Respondent claims that this Petition requires the approval of the

Second Circuit because Jackson has filed a previous section 2255 motion.

However, Jackson's prior section 2255 motion was not dismissed on the merits. In

*Jiminian v. Nash*, the Second Circuit held that it was proper for the district court to

send a successive section 2241 petition that contained a section 2255 claim for

approval when the petitioner's previous section 2255 motion was dismissed on the

merits.[49] *Jiminian*, however, did not address a prior section 2255 motion that was

---

[48]    *See Jackson III*, 2007 WL 1987762, at *2. Because that court had
entered a second amended judgment on June 8, 2005, Jackson's "conviction
became final for the purpose of filing a [section] 2255 petition on June 22, 2005,
the last date upon which he was could file a notice of appeal of this Court's second
amended judgment." *Id.* The court then noted that even if it had used the date the
Second Circuit entered judgment on the appeal – February 28, 2005 – the claim
also would have been time-barred because the conviction would have been "final"
on May 30, 2005, 90 days after the date on which the judgment was entered." *Id.*
Using these dates, this Court must dismiss Jackson's instant petition as untimely –
this petition is dated almost three years after his conviction became final.

[49]    *See Jiminian*, 245 F.3d at 148 ("[W]e also hold that when presented
with a [section] 2241 petition raising previously available claims appropriately the
subject of a [section] 2255 motion, district courts should construe the petition as a
second or successive [section] 2255 motion and transfer it to this Court for
certification, *so long as the prisoner had a prior [section] 2255 motion dismissed
on the merits*.") (emphasis added).

procedurally barred.  In *Medrano v. Craig*, the district court did not transfer a

section 2241 petition, which masked an untimely section 2255 claim, to the

Second Circuit for review because the previous section 2255 motion was

dismissed as time-barred.[50]  I will follow this practice and decide the claims in the

pending Petition.[51]

### 3.    Jackson's Section 5G1.3 Claim Is Without Merit

Even if Jackson's section 2255 claim is not time-barred, is not

successive, and is properly brought before this Court, it still fails because it is

wholly without merit.  The sentencing court correctly construed section 5G1.3

because his state burglary crime was unrelated to his federal bank robbery crimes.

There is no indication that the sentencing court considered the state burglary as

"relevant conduct" or that the state burglary was the basis for an increase in his

---

[50]    Some courts have held that a procedurally-barred section 2255 claim
is not a "first" section 2255 motion.  *See, e.g., Douglas v. Workman*, 560 F.3d
1156, 1189 (10th Cir. 2009) (refusing to count a section 2255 motion as a
successive claim when the first section 2255 motion was procedurally barred).

[51]    *See Tyson v. Jeffers*, 115 Fed. App'x 34, 37 (10th Cir. 2004) (upon
determining that Tyson's section 2241 claim was more properly a section 2255
claim, the Tenth Circuit affirmed the District Court's dismissal because "Tyson
has now forfeited such a [section] 2255 challenge in any event, since the one-year
statute of limitations on [section] 2255 petitions has run").

offense level.  Thus, the sentencing court correctly recognized that section 5G1.3 did not apply to Jackson's federal sentence.

**B.   Section 3585(b) Sentence Calculation Was Correct**

Jackson's section 2241 claim is that BOP miscalculated his sentence by failing to give him all of the credit to which he was entitled.  This claim is also meritless.  The BOP correctly determined that Jackson should receive credit from the time he was detained – November 27, 2000 – to the time his state sentence started – February 5, 2002.  Those 436 days were correctly counted as *Willis* time credit on his federal sentence.  The time between February 6, 2002 and April 2, 2004 was not credited because his federal sentence had not yet commenced – instead, Jackson was serving his state sentence.[52]  Finally, the time from April 2, 2004 – the day Jackson's federal sentence commenced – until July 21, 2005 – the day he was released from state custody – was spent concurrently serving both the state and federal sentences.

---

[52]   The respondent cites a host of cases that compel this conclusion.  *See, e.g.*, *Werber v. United States*, 149 F.3d 172 (2d Cir. 1998) (holding that petitioner is not entitled to credit for time already credited toward state sentence); *United States v. Wusebio*, No. 04 Cr. 607, 2007 WL 582745, at *3 (S.D.N.Y. Feb. 21, 2007) (denying credit for time spent pursuant to a writ of habeas corpus ad prosequendum).

Jackson's federal sentence of 140 months, imposed on April 2, 2004, would have placed him in prison until December 2015. Subtracting the 436 days of credit that he correctly received, his maximum sentence is now mid-September, 2014. These are the dates that the BOP imposed. No adjustment to Jackson's sentence is warranted.

## C.   Certificate of Appealability

A district court may grant a certificate of appealability allowing a habeas petitioner to appeal the denial of his petition with respect to any of petitioner's claims only if petitioner makes a substantial showing of the denial of a constitutional right.[53] A substantial showing requires only that a petitioner demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"[54] Because Jackson has not made such a showing, I decline to issue a certificate of appealability.

---

[53]     *See* 28 U.S.C. § 2253(c)(2). *See also Miller-El v. Cockrell*, 537 U.S. 322 (2003).

[54]     *Rhagi v. Artuz*, 309 F.3d 103, 106 (2d Cir. 2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks and citation omitted)).

18

## V.   CONCLUSION

For the foregoing reasons, Jackson's petition for a writ of habeas corpus is denied.  The Clerk of the Court is directed to close this motion (Docket # 1) and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            June 23, 2009

19

## -Appearances-

**Petitioner (pro se):**

Thomas P. Jackson
Reg. #59535-053
F.C.I. Otisville
P.O. Box 1000
Otisville, NY 10963

**For Respondent:**

Kristin L. Vassallo
Assistant United States Attorney
86 Chambers St., 3rd Floor
New York, NY 10007
(212) 637-2822