UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

THOMAS P. JACKSON,

            Petitioner,

  - against -

JANICE M. KILLIAN, Warden; Federal
Correctional Institution at Otisville, New
York,

            Respondent.

-------------------------------------------------------X

**MEMORANDUM
OPINION AND ORDER**

**08 Civ. 4386 (SAS)**



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/25/10

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    INTRODUCTION

        Pro se petitioner Thomas P. Jackson ("Petitioner") brought a Petition

for Writ of Habeas Corpus (the "Petition") pursuant to, *inter alia*, section 2241 of

Title 28 of the United States Code.  Jackson's Petition was received by the Court's

Pro Se Department on April 15, 2008, and was filed shortly thereafter, on May 9,

2008.  The Government filed opposition papers on August 19, 2008, to which

Petitioner replied on August 29, 2008.  On June 23, 2009, this Court issued an

Opinion and Order denying the Petition.  A Judgment signed by the Clerk of the

Court was filed the next day stating: "That for the reasons stated in the Court's

1

Opinion and Order dated June 23, 2009, the petition for a writ of habeas corpus is

denied; accordingly, the case closed."[1]  Petitioner appealed but his appeal was

dismissed by the Second Circuit. The reason for the dismissal of the appeal was

Petitioner's failure to file certain forms within specified time periods.[2]  Petitioner

now brings the instant motion, dated December 22, 2009, seeking reconsideration

of this Court's ruling regarding the calculation of Petitioner's prior jail time

credit.[3]  For the following reasons, the Motion is denied.

## II.    LEGAL STANDARD

Motions for reconsideration are governed by Rule 6.3 of the Local

Rules of the United States District Courts for the Southern and Eastern Districts of

New York, which states:

> Unless otherwise provided by statute or rule . . ., a notice
> of motion for reconsideration or reargument of a court
> order determining a motion shall be served within fourteen
> (14) days after the entry of the court's determination of the
> original motion, or in the case of a court order resulting in
> a judgment, within fourteen (14) days after the entry of the

---

[1]    6/24/09 Clerk's Judgment.

[2]    *See* 9/25/09 Mandate, Docket No. 09-3175-pr.

[3]    *See* Motion for Reconsideration Pursuant to 28 U.S.C.S. §
2241(hereinafter the "Motion").

judgment.[4]

Motions for reconsideration under Local Civil Rule 6.3 are committed to the sound discretion of the district court.[5] A motion for reconsideration is appropriate where "'the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"[6] A motion for reconsideration may also be granted to "'correct a clear error or prevent manifest injustice.'"[7] The purpose of Local Civil Rule 6.3 is to "'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'"[8]

---

[4]    Rule 6.3 Motions for Reconsideration or Reargument (amended effective December 1, 2009) ("Local Civil Rule 6.3"). Local Civil Rule 6.3 has been amended to change the time limitation from ten to fourteen days.

[5]    *See Patterson v. United States*, No. 04 Civ. 3140, 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006 ) ("The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court.") (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)).

[6]    *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (quotation marks omitted).

[7]    *RST (2005) Inc. v. Research in Motion Ltd.*, No. 07 Civ. 3737, 2009 WL 274467, at *1 (S.D.N.Y. Feb. 4, 2009) (quoting *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

[8]    *Grand Crossing, L.P. v. United States Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008) (quoting *SEC v.*

3

## III.   DISCUSSION

Here, the Court's Opinion and Order resulted in the filing of a Clerk's
Judgment on June 24, 2009.  Thus, to be timely, Petitioner would have had to file
his motion for reconsideration fourteen days after entry of that Judgment.
However, under the so-called "mailbox rule," the earliest possible date of the
Motion is December 22, 2009, the date it was signed by Petitioner.  This is nearly
six months after the expiration of the fourteen-day period specified in Local Civil
Rule 6.3.  For this reason alone, the Motion must be dismissed as untimely.

The Motion would be denied even if considered on its merits.  The
only relevant allegations contained in the Motion relate to Petitioner's location of
confinement.  According to Petitioner, this Court's rulings were made under the
mistaken impression that he was returned to a state correctional facility after he
was sentenced by a state court on February 6, 2002.[9]  Petitioner now contends that
"[o]n January 2, 2001, petitioner was transferred to the Metropolitan Detention

---

*Ashbury Capital Partners*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y.
May 31, 2001).  *Accord Commerce Funding Corp. v. Comprehensive Habilitation
Servs., Inc.*, 233 F.R.D. 355, 361 (S.D.N.Y. 2005) ("[A] movant may not raise on a
motion for reconsideration any matter that it did not raise previously to the court
on the underlying motion sought to be reconsidered.").

[9]     *See* Motion ¶ 2.

4

Center (MDC Brooklyn), where he remained until May 5, 2004."[10]  This allegation

contradicts the factual allegations contained in his original Petition.

> After petitioner was sentenced[,] he was returned to [the]
> New York State Correctional Services via New York City
> Correction, at the time of his transfer[,] petitioner was still
> under a federal detainer until the day he was received at the
> U.S. Penitentiary, Big Sandy, Inez, Kentucky. September
> 29, 2005.[11]

Petitioner's new allegations cannot be considered by this Court because a motion

for reconsideration is not an "opportunity for making new arguments that could

have been previously advanced."[12]  Moreover, although Petitioner appends some

sort of docket sheet to his Motion, he offers no evidence in support of his recent

allegation that he was in federal custody from January 2, 2001 through May 5,

2004.  Thus, the Motion would be denied in any event because Petitioner has not

set forth any factual matter or controlling decision arguably overlooked by this

---

[10]     *Id.* ¶ 8.

[11]     Petition, Statement of Facts, ¶ G at 10.  *See also* ¶ 13 (stating that a
term of imprisonment commences when a defendant is received in custody,
namely, when "petitioner was awaiting transportation to, [sic] on July 21, 2005
[the date his state sentence expired] or arrives at the official detention facility on
September 29, 2005 at United States Penitentiary, Big Sandy").

[12]     *Associated Press v. United States Dep't of Defense*, 395 F. Supp. 2d
17, 19 (S.D.N.Y. 2005).

Court.[13]

## IV. CONCLUSION

For the reasons stated above, Petitioner's Motion for Reconsideration

of this Court's June 23, 2009 Opinion and Order is denied. The Clerk of the Court

is directed to close this motion (Document # 14).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            May 25, 2010

---

[13]      *See* Local Civil Rule 6.3.

## - Appearances -

**Petitioner (Pro Se):**

Thomas P. Jackson
# 59535-053
F.C.I. Otisville
P.O. Box 1000
Otisville, NY 10963

**For Respondent:**

Kristin L. Vassallo
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, NY 10007
(212) 637-2822